## Case No. 933.

BANK OF THE UNITED STATES v. PETER.

[5 Cranch, C. C. 485.]¹

Circuit Court, District of Columbia. Nov. Term, 1838.

DECEASED DEBTOR — SALE OF REAL ESTATE TO PAY DEBTS — RENTS AND PROFITS — RIGHTS OF HEIRS.

The only cases in which the court has permitted the heirs of a deceased debtor to have the rents and profits until the sale of real estate sold to pay the debts of the ancestor, are cases of sale under the act of Maryland for deficiency of personal assets.

[See Kurtz v. Hollingshead, Case No. 7,953; Ritchie v. Bank of U. S., Id. 11,863.]

[Suit between the Bank of the United States and the heirs of David Peter.]

---

¹ [Reported by Hon. William Cranch, Chief Judge.]

Mr. Marbury, for the defendants, the heirs of David Peter, moved the court to order the interest of the proceeds of the sales of the lands and lots to be paid to the heirs, because if they had not been sold, they would have been entitled to receive the rents and profits until a sale under the will of David Peter. There had been an agreement that the property should be sold, and the proceeds stand in the place of the land; but no reservation was made of the interest for the benefit of the heirs.

THE COURT, however, (THRUSTON, Circuit Judge, absent,) refused; and said, the only cases in which the court had permitted the heirs to have the rents and profits until sale, were cases of sale under the act of assembly of Maryland of 1785, c. 72, for deficiency of personal assets.